# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:20cr00015** |
| | ) | <u>**ORDER**</u> |
| **COLE CARINI,** | ) | |
|     **Defendant** | ) | |
| | ) | |

It is **ORDERED** that, no later than 14 days after the arraignment of the defendant, counsel for the Government and the defendant must confer and attempt to agree on a timetable and procedures for the parties' pretrial disclosures under Federal Rules of Criminal Procedure 16 and 26.2 and the Government's disclosures under *Brady v. Maryland*, 373 U.S. 83 (1963), and related cases, including *United States v. Giglio,* 405 U.S. 150 (1972) (impeachment evidence). Upon agreement, the parties shall forward an agreed order setting out the timetable and procedures for the parties' pretrial disclosures to the undersigned for entry. If the parties are unable to reach an agreement, the parties shall promptly notify the court and request the court to determine a timetable and procedures for pretrial disclosures.

It is **FURTHER ORDERED** that defense counsel may make an electronic copy of any materials provided by the Government to be given to the appropriate person at the facility holding the defendant to allow the defendant to view these materials while supervised in a secure location (i.e., warden's office or counselor's office). These materials may not be given directly to the defendant, may not be

-1-

downloaded in any form or printed by the defendant. The defendant is advised that violation of this Order may result, in addition to other potential penalties, in the defendant being required to show cause why the defendant should not be held in contempt of court. Defense counsel must retrieve the electronic copy of these materials at the conclusion of the case and delete or destroy the electronic copy of these materials.

ENTER: July 14, 2020.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE